IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY LEE DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-964-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Larry Lee Davis, a state parolee, against William Stephens, Director of Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In August 2006 Petitioner was indicted in Tarrant County, Texas, on three counts of engaging in criminal activity, theft. Adm. R., WR-79,705-01 Writ 140-49, ECF No. 10-2. The indictment also included a habitual-offender notice. *Id.* On February 14, 2012, pursuant to a plea agreement, Petitioner waived his right to a jury trial and pleaded guilty in the 396th District Court to one count of engaging in criminal activity, theft of $100,000-$200,000, the state waived the remaining counts and the habitual-offender notice, and the trial court sentenced him to eight years' confinement. *Id.* at 140-49. Having waived his right to appeal, Petitioner did not directly appeal the trial court's judgment of conviction. Pet. 3, ECF No. 1. On October 22, 2012, Petitioner filed a state habeas

application challenging his conviction, which was denied on July 31, 2013, by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[1] Admin. R., WR-79,705-01 Writ cover & 2, ECF No. 10-2. On October 22, 2013, Petitioner filed a second state habeas application challenging his conviction, which was dismissed on February 19, 2014, by the Texas Court of Criminal Appeals as successive. *Id.*, WR-79,705-02, cover & 2, ECF No. 10-4. This federal petition for habeas relief was filed on December 2, 2014.[2] Pet. 1, ECF No. 1.

Petitioner raises four grounds for relief. His claims are multifarious and are stated, generally, as follows: his constitutional rights were violated because (1) he was denied his right to be tried before a jury for the alleged crime; (2) he was denied his right to be tried in the state and district where the crime occurred; (3) he was denied his right to be free from cruel and unusual punishment; and (4) he was denied his right to due process under the law. Pet. at 6-7, ECF No. 1; Pet'r's Mem. 4-24, ECF No. 2. Petitioner also asserts that, despite his guilty plea, he is actually innocent of the offense and was convicted of an offense that he did not commit. Pet'r's Mem. 8, ECF No. 2. Respondent asserts the petition is time-barred under the federal statute of limitations. Resp't's Prel. Resp. 4-12, ECF No. 7.

**II. DISCUSSION**

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not indicate the date Petitioner placed the documents in the prison mailing system, if in fact they were mailed; thus, the prison mailbox rule is not applied.

[2] Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Petitioner was released to parole and no longer incarcerated at the time he filed the instant petition. Thus, the prison mailbox rule is inapplicable.

2

>     (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>         (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>         (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>         (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner raises claims involving matters before or during the plea proceedings, subsection (A) is applicable in this case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on March 15, 2012,[3] and closed one year later on March 15, 2013, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

[3]2012 was a leap year.

3

Petitioner's first state habeas application, pending from October 22, 2012, through July 31, 2013, tolled the limitations period for 283 days, making Petitioner's federal petition due on or before December 23, 2013. Petitioner's second state habeas application, pending from October 22, 2013, through February 19, 2014, tolled the limitations period for an additional 121 days, making his federal petition due on or before April 23, 2014. Thus, Petitioner's federal petition filed on December 2, 2014, is untimely unless he is entitled to additional tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In an apparent attempt to trigger subsection (D), above, or warrant equitable tolling, Petitioner urges that his current claims and issues have not and could not have been presented previously, despite due diligence, because the factual and legal basis for his claims–*i.e.,* the indictment, was unavailable. Pet. 9, ECF No. 1. He claims that only after obtaining a copy of the indictment, he discovered that it failed to state an offense under Texas Penal Code §§ 31.03 and 71.02(a)(1), that the offense, alleged to have occurred in Tarrant County, did not, and that the alleged victims listed in the indictment were not the "owners" of the property, but salespersons, and did not provide "complaint affidavits or statements," thereby rendering him actually innocent. Pet. 7, ECF No. 1.

A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the

4

district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense.[4] *McQuiggin,* 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986). And, in any event, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." The indictment is not "new evidence." Moreover, the record establishes that Petitioner was given a copy of the indictment by court-appointed counsel D. Robin McCarty shortly after his appointment to Petitioner's case in April 2011. Adm. R., WR-79,705-01 Writ 107-08, ECF No. 10-2. Petitioner is not entitled to equitable tolling of the limitations period.

Consequently, Petitioner's federal petition was due on or before April 23, 2014. His petition filed on February 18, 2014, was filed beyond the limitations period and is therefore untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus

---

[4] In Petitioner's state habeas application, the state courts determined that Petitioner's indictment met the state's statutory requirements and was not defective. Adm. R., WR-79,705-01 Writ 106, ECF No. 10-2. The state courts also determined that Petitioner's guilty plea was knowingly, freely and voluntarily entered. *Id.* at 111-12. Absent clear and convincing evidence in rebuttal, this Court must defer to the state court's findings on these matters. 28 U.S.C. § 2254(e)(1).

pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 11th day of May, 2016.

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**